THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. GREGORY ANDERSON, Defendant-Appellant.

First District (2nd Division)   No. 1—93—4153

Opinion filed May 16, 1995.

Rita A. Fry, Public Defender, of Chicago (James N. Perlman, Assistant Public Defender, of counsel), for appellant.

Jack O'Malley, State's Attorney, of Chicago (Renee Goldfarb and Kenneth McCurry, Assistant State's Attorneys, of counsel), for the People.

JUSTICE HARTMAN delivered the opinion of the court:

Defendant appeals his conviction for attempted vehicular invasion, questioning whether the governing statute (720 ILCS 5/12—11.1 (West 1992)) is constitutional. He also raises as an issue for review whether he was entitled to notice of the State's intention to seek an enhanced sentence pursuant to section 111—3(c) of the Code of Criminal Procedure of 1963 (725 ILCS 5/111—3(c) (West 1992)) and whether the mittimus issued requires correction.

Julie Wagner testified at defendant's bench trial that on December 4, 1992, she was sitting in the passenger seat of her mother's truck parked at 7500 W. 63rd Street in Summit, Illinois. She was waiting for her mother to come out of a nearby pharmacy. The motor was running. Defendant approached and grabbed the passenger door handle. Julie punched the door lock button with her elbow. Defendant continued pulling on the door handle, banging on the window and shouting, "Bitch. Get out of the truck. Give me your money, bitch." Defendant then ran around the back of the truck, over to the driver's door, but Julie locked it before he could enter. He continued his shouting and banging.

At the approach of a shopper, defendant ran across the street to a hotdog stand. Julie and her mother telephoned the police. Defendant fled when two squad cars arrived. Two days later, Julie viewed a lineup at the Summit police station and positively identified defendant as the individual who attempted to enter her mother's vehicle.

The circuit judge found defendant guilty of attempted vehicular invasion and sentenced him to six years' imprisonment as a Class X offender, based upon two prior Class 2 felony convictions. Defendant timely filed this appeal.

I

Defendant contends that the crime of vehicular invasion and, therefore, the crime of attempted vehicular invasion, violates the due process and proportionate penalties provisions of the Illinois Constitution. (Ill. Const. 1970, art. I, §§ 2, 11.) Specifically, defendant compares vehicular invasion (720 ILCS 5/12—11.1 (West 1992)), a Class 1 felony, to robbery (720 ILCS 5/18—1 (West 1992)), a Class 2 felony, and concludes that vehicular invasion is less serious because it does not require a taking. As a result, defendant submits that the vehicular invasion statute impermissibly imposes a more severe punishment for a crime that is essentially an attempted robbery.

Article I, section 2, of the Illinois Constitution (Ill. Const. 1970, art. I, § 2) provides:

"No person shall be deprived of life, liberty or property without due process of law nor be denied the equal protection of the laws."

Article I, section 11 (Ill. Const. 1970, art. I, § 11), provides, in pertinent part:

"All penalties shall be determined both according to the seriousness of the offense and with the objective of restoring the offender to useful citizenship."

The policy underlying these constitutional provisions would be violated if the penalty prescribed for an offense is not as great or greater than the penalty prescribed for a less serious offense. *People v. Wisslead* (1983), 94 Ill. 2d 190, 196, 446 N.E.2d 512.

Vehicular invasion (720 ILCS 5/12—11.1 (West 1992)) is defined as follows:

"A person commits vehicular invasion who knowingly, by force and without lawful justification, enters or reaches into the interior of a motor vehicle as defined in The Illinois Vehicle Code while such motor vehicle is occupied by another person or persons, with the intent to commit therein a theft or felony."

Robbery (720 ILCS 5/18—1 (West 1992)) is defined:

"A person commits robbery when he takes property from the person or presence of another by the use of force or by threatening the imminent use of force."

Statutes enjoy a presumption of constitutionality. One challenging a statute must clearly establish its invalidity. (*People v. Bales* (1985), 108 Ill. 2d 182, 188, 483 N.E.2d 517.) Any doubt in construction will be decided in favor of the validity of the law challenged, and it will be presumed the legislature did not intend absurdity, inconvenience or injustice. (*Illinois Crime Investigating Comm'n v. Buccieri* (1967), 36 Ill. 2d 556, 561, 224 N.E.2d 236.) The function of the courts in construing statutes is to ascertain and give effect to the intent of the legislature. (*People v. Steppan* (1985), 105 Ill. 2d 310, 316, 473 N.E.2d 1300.) In ascertaining the intent of the legislature, a court considers not only the language employed by the statute, but also the reason and necessity for the law, the evils to be remedied, and the objects and purposes to be obtained. *Steppan*, 105 Ill. 2d at 316; *Mid-South Chemical Corp. v. Carpentier* (1958), 14 Ill. 2d 514, 517, 153 N.E.2d 72.

■ The legislature has the power to declare and define conduct constituting a crime and to determine the nature and extent of punishment for it. (*People v. Taylor* (1984), 102 Ill. 2d 201, 205, 464 N.E.2d 1059.) Although sections 2 and 11 of the Illinois Constitution place some restraint on this power, courts have been reluctant to invalidate penalties prescribed by the legislature since, institutionally, the legislature is more aware than the courts of the evils confronting society and more capable of gauging the seriousness of

various offenses. (*Steppan*, 105 Ill. 2d at 319; *People v. Williams* (1993), 250 Ill. App. 3d 80, 81, 621 N.E.2d 62.) Accordingly, with regard to the due process provision, the penalty prescribed for the particular crime need only be reasonably tailored to remedy the evil which the legislature has determined to be a threat to the public health, safety and general welfare. (*Steppan*, 105 Ill. 2d at 319; *Williams*, 250 Ill. App. 3d at 82.) Interference with legislative judgment in regard to the limitation of penalties provision is justified only where the designated punishment is cruel, degrading or so wholly disproportionate to the offense committed as to shock the community's moral sense. *People v. Gonzales* (1962), 25 Ill. 2d 235, 240, 184 N.E.2d 833; *Williams*, 250 Ill. App. 3d at 82.

■ In the case *sub judice*, defendant reasons that vehicular invasion is a less serious crime than robbery because it requires merely the intent to commit a theft and not an actual taking. Defendant's argument is flawed, however, because he equates a crime's seriousness with whether a protectable property interest is involved. A statute may seek to protect interests other than property, or the legislature may perceive a need to enact a more stringent penalty provision in order to halt an increase in the commission of a particular crime, which factors, among others, properly may be taken into consideration in determining the seriousness of an offense. *People v. Steppan* (1985), 105 Ill. 2d 310, 320, 473 N.E.2d 1300.

The statute's plain language here evinces the legislature's intent to protect the security of motor vehicles, which have been deemed adjuncts of the home in modern society. (See *Steppan*, 105 Ill. 2d at 321.) To preserve the integrity of this particular enclosure and to halt an increase in the number of "smash and grab" crimes, the legislature reasonably could have determined that vehicular invasion is a more serious offense than robbery and affixed a more stringent penalty. Accordingly, the vehicular invasion and robbery statutes serve different purposes, requiring the legislature to consider different factors in enacting each penalty provision. Designating vehicular invasion a Class 1 felony is not so wholly disproportionate as to shock the community's moral sense.

Defendant's reliance upon *People v. Wisslead* (1983), 94 Ill. 2d 190, 446 N.E.2d 512, and *People v. Christy* (1990), 139 Ill. 2d 172, 564 N.E.2d 770, is misplaced. In *Wisslead*, two statutory penalties were found to be unconstitutionally disproportionate because the addition of an identical enhancing element, a gun, punished the less serious crime more severely than the graver offense. In *Christy*, two statutory penalties were held unconstitutionally disproportionate because they involved different penalties for identical offenses. The present

case, however, involves neither an enhancing element nor identical offenses. The vehicular invasion statute under attack here is constitutional.

## II

Defendant originally claimed that he was entitled to notice of the State's intention to seek a Class X sentence upon conviction. In his reply brief, however, he concedes that the supreme court recently resolved this issue in *People v. Jameson* (1994), 162 Ill. 2d 282, 642 N.E.2d 1207, and that the State is not required to give defendants pretrial notice of its intention to seek an enhanced sentence.

Certified copies of defendant's two previous Class 2 felony convictions were presented to the circuit court, the first for robbery in 1985, and the second for robbery in 1989. Defense counsel conceded at the sentencing hearing that defendant was eligible for Class X sentencing, which was then imposed by the court, namely, "six years in [custody of] the Illinois Department of Corrections, and three years' mandatory supervisory release." Defendant maintains that the mittimus incorrectly indicates that his sentence will be followed by three years of mandatory supervised release, the period of time for a Class X sentence. (730 ILCS 5/5—8—1(d)(1) (West 1992).) He insists that *Jameson* requires a remand so that the mittimus can be corrected to reflect the proper two-year term of mandatory supervised release for a Class 1 sentence. 730 ILCS 5/5—8—1(d)(2) (West 1992).

■ Defendant's reliance upon *Jameson* is misplaced. In *Jameson*, the court remanded the cause to the circuit court with directions to amend the mittimus of each defendant because they incorrectly indicated that defendants were convicted of Class X *offenses.* (*Jameson*, 162 Ill. 2d at 292.) In the instant case, the mittimus does not incorrectly indicate that defendant was convicted of a Class X offense, but properly notes that defendant was *sentenced* to a six-year prison term followed by three years of mandatory supervised release, precisely the sentence imposed by the court. The sentence reflects the Class X treatment to be accorded an offender who has been convicted previously of two different Class 2 felonies. (730 ILCS 5/5—5—3(c)(8) (West 1992).) The mandatory supervised release applicable to such a sentence is automatically imposed. (730 ILCS 5/5—8—1(d)(1) (West 1992).) Although this issue never before has been adjudicated by an Illinois reviewing court as far as can be ascertained, it is clear that the gravity of conduct offensive to the public safety and welfare, authorizing Class X sentencing, justifiably requires lengthier watchfulness after prison release than violations of a less serious nature. Defendant, having committed his third felony in a relatively

542

short period of time, has demonstrated the wisdom of extended supervision after release, as prescribed by the legislature. The mittimus entered is proper since he was sentenced as a Class X offender. Accordingly, defendant's argument must be rejected.

For the foregoing reasons, the judgment of the circuit court is affirmed.

Affirmed.

SCARIANO, P.J., and DiVITO, J., concur.