SECOND DIVISION
June 30, 2008

No. 1-06-3182

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | |
| | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Cook County. |
| | ) | |
| | ) | |
| JOHNNY FIELDS, | ) | Honorable |
| | ) | John Kirby, |
| Defendant-Appellant. | ) | Judge Presiding. |

JUSTICE SOUTH delivered the opinion of the court:

This appeal arises from defendant Johnny Fields' conviction for delivery of a controlled substance, a Class 2 felony (720 ILCS 570/401(d) (West 2004)), for which he was sentenced as a Class X offender based on his prior convictions to an eight-year prison term. On appeal, defendant contends that the mandatory provisions of the Class 2 sentencing statute (730 ILCS 5/5-8-1(a)(5) (West 2004)) and the mandatory Class X sentencing provisions (730 ILCS 5/5-5-3(c)(8) (West 2004)) are in direct conflict and ambiguous and, therefore, the rule of lenity requires that he be sentenced under the Class 2 sentencing provisions. For the reasons that follow, we affirm defendant's Class X sentence.

Briefly stated, the evidence presented at trial established that on January 22, 2006, defendant sold drugs to an undercover police officer in Chicago. He was subsequently convicted of delivery of a controlled substance following a bench trial. At the sentencing hearing, the parties stipulated that defendant's presentence investigation report (PSI) showed prior convictions, the first of which occurred after February 1, 1978, and that the second crime was

committed after the first. Specifically, defendant's PSI showed a conviction for strong-armed robbery in 1991 for which he received three years' probation and then three years' imprisonment; a robbery in 1992 for which he received 4½ years' imprisonment; an armed robbery in 1997 for which he was sentenced to a 20-year prison term; and an aggravated vehicular hijacking in 1998 for which he was sentenced to an eight-year prison term. The State sought a sentence in excess of 10 years for the current offense. The trial court noted that defendant was eligible for Class X sentencing based on his background and subsequently sentenced defendant to an eight-year prison term for the current offense. This appeal followed.

Defendant contends on appeal that the mandatory provisions of the Class 2 sentencing statute (730 ILCS 5/5-8-1(a)(5) (West 2004)) and the mandatory Class X sentencing provisions (730 ILCS 5/5-5-3(c)(8) (West 2004)) are in direct conflict and ambiguous and, therefore, the rule of lenity requires that he be sentenced under the Class 2 sentencing provisions. Specifically, he argues that because both sentencing statutes have mandatory provisions, the language of section 5-8-1 limits his sentence for a Class 2 felony to seven years' imprisonment, which, according to defendant, is an issue of first impression to this court. Defendant contends that due process requires that the conflicting provisions be construed in favor of lenity because the Class X sentencing statute operates as an enhancement provision. To that end, defendant requests that his Class X sentence be vacated and the cause be remanded for resentencing under the Class 2 sentencing range.

We note that defendant did not raise this sentencing issue at his sentencing hearing or in a posttrial motion, which would normally waive it for purposes of appeal. 730 ILCS 5/5-8-1(c) (West 2004); People v. Brooks, 297 Ill. App. 3d 581, 585 (1998). However, whether a

1-06-3182

defendant's sentence is properly imposed is generally a question which concerns the defendant's fundamental constitutional right to liberty. People v. Falcon, 292 Ill. App. 3d 538, 541 (1997). "It is well established that a sentencing judge cannot impose a penalty not otherwise allowed by the sentencing statute in question." People v. Palmer, 218 Ill. 2d 148, 154 (2006). Accordingly, this issue is reviewable under the plain error doctrine contained in Supreme Court Rule 615(a). 134 Ill. 2d R. 615(a); People v. Kitchen, 159 Ill. 2d 1, 42-43 (1994) (plain error may be invoked in criminal cases where the plain error affected substantial rights).

When construing a statute, the primary objective of this court is to ascertain and give effect to the intention of the legislature. Palmer, 218 Ill. 2d at 156. Therefore, "in determining the intent of the General Assembly, we may properly consider not only the language of the statute, but also the purpose and necessity for the law, the evils sought to be remedied, and the goals to be achieved." Palmer, 218 Ill. 2d at 156. Statutes must be considered as a whole, so that no part is rendered "meaningless or superfluous." People v. Howard, 374 Ill. App. 3d 705, 710 (2007), citing People v. Jones, 214 Ill. 2d 187, 193 (2005). Each word, clause and sentence of the statute must be given reasonable meaning if possible. Palmer, 218 Ill. 2d at 156. When construing criminal statutes, the court applies a policy of lenity where no legislative history exists to assist the court in determining whether the legislature intended an enhancement provision to apply to a given charge. People v. Owens, 240 Ill. App. 3d 168, 170-71 (1992). The rule of lenity requires that, where ambiguous, statutes should be construed in favor of the accused. but this rule should not be stretched so far as to defeat the legislature's intent. People v. Perry, 224 Ill. 2d 312, 333 (2007). A reviewing court must construe a legislative enactment in such a way as to promote its essential purposes. Owens, 240 Ill. App. 3d at 171. We review the

constitutionality of a statute *de novo*.  People v. Smith, 338 Ill. App. 3d 555, 557 (2003).

Defendant contends that the mandatory provisions of the Class 2 sentencing guidelines and the mandatory provisions of the Class X sentencing guidelines based on prior convictions are contradictory and ambiguous.

Section 5-5-3(a) of the Unified Code of Corrections (Code) (730 ILCS 5/5-5-3(a) (West 2004)) states that "[e]very person convicted of an offense shall be sentenced as provided in this Section."  In contrast, section 5-8-1(a) of the Code (730 ILCS 5/5-8-1(a) (West 2004)) states that "[e]xcept as otherwise provided in the statute defining the offense, a sentence of imprisonment for a felony shall be a determinate sentence set by the court under this Section, according to the following limitations."

In the case at bar, defendant was convicted of delivery of a controlled substance, a Class 2 felony (720 ILCS 570/401(d) (West 2004)), which has a sentencing range of not less than three years and not more than seven years.  730 ILCS 5/5-8-1(a)(5) (West 2004).  However, section 5-5-3(c)(8) provides, in pertinent part:

> "When a defendant, over the age of 21 years, is convicted of a
> Class 1 or Class 2 felony, after having twice been convicted in any
> state or federal court of an offense that contains the same elements
> as an offense now classified in Illinois as a Class 2 or greater Class
> felony and such charges are separately brought and tried and arise
> out of different series of acts, such defendant shall be sentenced as
> a Class X offender.  This paragraph shall not apply unless (1) the
> first felony was committed after the effective date of this

amendatory Act of 1977; and (2) the second felony was committed after conviction on the first; and (3) the third felony was committed after conviction on the second. "  730 ILCS 5/5-5-3(c)(8) (West 2004).

The sentencing range for a Class X felony is not less than 6 years and not more than 30 years. 730 ILCS 5/5-8-1(a)(3) (West 2004).  Thus, it appears, on its face, that the two sentencing schemes are in conflict with one another.

It is well established that " 'the legislature has the authority to set the nature and extent of penalties.  Courts will not interfere with such legislation unless the challenged penalty is clearly in excess of the very broad and general constitutional limitations applicable.' " People v. Thomas, 171 Ill. 2d 207, 221 (1996), quoting People ex rel. Carey v. Bentivenga, 83 Ill. 2d 537, 542 (1981); People v. Allen, 153 Ill. 2d 145, 154 (1992).  With section 5-5-3(c)(8), our legislature clearly intended to " 'enhance the punishment of certain offenders based entirely on objective, historical criteria, their record of criminal convictions.' " People v. Lathon, 317 Ill. App. 3d 573, 586 (2000), quoting Thomas, 171 Ill. 2d at 222.  Prior convictions, or recidivism, "is a traditional, if not the most traditional, basis for *** increasing an offender's sentence." Alamendarez-Torres v. United States, 523 U.S. 224, 243, 140 L. Ed. 2d 350, 368, 118 S. Ct. 1219, 1230 (1998).

Moreover, our supreme court has repeatedly held that the sentencing provisions of section 5-5-3(c)(8) are mandatory and that a trial court has no discretion in its application.  See Morrow v. Dixon, 108 Ill. 2d 223, 226-27 (1985); People v. Levin, 157 Ill. 2d 138, 156 (1993); People v. Jameson, 162 Ill. 2d 282, 287 (1994); Thomas, 171 Ill. 2d at 222.  Thus, where it has been

1-06-3182

determined that the legislature's intent was to make section 5-5-3(c)(8) mandatory and a defendant's current and prior convictions fulfill the statutory requirements of that section, the defendant is properly sentenced as a Class X offender. Thomas, 171 Ill. 2d at 222-23.

Turning to the instant cause, defendant had multiple prior convictions that were a Class 2 or greater class felony, all occurring after 1977, which necessarily required him to be sentenced as a Class X offender even though he was convicted of a Class 2 felony. According to section 5-5-3(c)(8), when a defendant has at least two prior Class 2 or higher felony convictions, upon conviction of the third, he is no longer subject to be sentenced as a Class 2 offender. Although section 5-5-3(c)(8) increased the defendant's sentence, it did not change the classification of the offense with which defendant was charged and convicted. See People v. Rivera, 362 Ill. App. 3d 815, 817 (2005).

Situations like defendant's appear to be exactly the kind anticipated by the penalty enhancement of section 5-5-3(c)(8), and defendant has not argued that the legislature acted outside its authority in creating this section. As such, we conclude that based on defendant's prior convictions, the Class 2 sentencing range did not apply to defendant's sentence and that he was mandatorily subject to the sentencing provisions of section 5-5-3(c)(8). In so finding, we decline to apply the policy of lenity here.

Accordingly, we affirm the judgment of the trial court.

Affirmed.

HOFFMAN, P.J., and HALL, J., concur.