No. 3--07--0185

Filed January 8, 2009

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 2009

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 12th Judicial Circuit, Will County, Illinois, |
|     Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 05--CF--2605 |
| KEVIN G. WATKINS, | ) ) | Honorable Richard C. Schoenstedt, |
|     Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE CARTER delivered the opinion of the court:

A jury convicted the defendant, Kevin G. Watkins, of unlawful delivery of a controlled substance within 1,000 feet of a church. 720 ILCS 570/407(b)(2) (West 2004). The court sentenced him to a nine-year term of imprisonment, followed by a three-year term of mandatory supervised release (MSR). The court also assessed, inter alia, a $100 street value fine. 730 ILCS 5/5--9--1.1(a) (West 2004). The defendant appealed, arguing that his: (1) MSR term should be reduced from three years to two years because he committed a Class 1 felony; and (2) street value fine should be reduced from $100 to $20. We reduce the defendant's street value fine to $20, but otherwise affirm.

FACTS

The defendant was charged by indictment with unlawful delivery of a controlled substance within 1,000 feet of a church, a Class 1 felony. 720 ILCS 570/407(b)(2) (West 2004). The defendant's jury trial occurred in September 2006. Joliet police officer Tizoc Landeros testified that on November 9, 2005, he was working as an undercover narcotics agent. After asking an individual about purchasing drugs, the defendant pulled up in a van, exited it, and asked Landeros what he wanted. Landeros told the defendant he wanted to purchase a "$20 rock," meaning $20 worth of cocaine. The defendant instructed Landeros to walk down the street. Landeros did, while the defendant entered a house. The defendant then emerged and asked Landeros to walk with him. The defendant asked for the $20. Landeros gave the defendant a $20 bill, and the defendant gave him a clear plastic bag containing an off-white, rock-like substance.

A forensic scientist testified that he weighed and tested the rock-like substance the defendant sold to Landeros. He determined that the substance weighed 0.1 grams and was cocaine.

The defendant did not present evidence on his behalf.

The jury found the defendant guilty as charged. A sentencing hearing occurred on December 5, 2006. Although the jury had convicted the defendant of a Class 1 felony, he faced sentencing as a Class X offender because he had been convicted of two other Class 1 or Class 2 felonies. See 730 ILCS 5/5--5--

2

3(c)(8) (West 2004). Specifically, the defendant was previously convicted of residential burglary in 1998, a Class 1 felony, and possession of a stolen motor vehicle in 2001, a Class 2 felony. Thus, the court sentenced him to a nine-year term of imprisonment followed by a three-year term of MSR.

The defendant filed a motion to reconsider his sentence, which the court denied. The defendant appealed.

ANALYSIS

I. MSR

The defendant first argues that his term of MSR should be that of a Class 1 felony, i.e., two years, instead of the three-year term that accompanies a Class X felony, because he was convicted of a Class 1 felony in the case at bar.

Section 5--5--3(c)(8) of the Unified Code of Corrections (Code) provides that when a defendant is convicted of a Class 1 or Class 2 felony, and has been convicted of a Class 2 or greater felony twice before, the defendant is to be sentenced as a Class X offender. 730 ILCS 5/5--5--3(c)(8) (West 2004). The MSR term that attaches to a Class X sentence, "as though written therein a term in addition to the term of imprisonment[,]" is three years. 730 ILCS 5/5--8--1(d) (West 2004).

Other districts of the Appellate Court that have considered this issue have held that, "it is clear that the gravity of conduct offensive to the public safety and welfare, authorizing

3

Class X sentencing, justifiably requires" a longer period of watch after release from prison than a violation of a less serious nature. People v. Anderson, 272 Ill. App. 3d 537, 541, 650 N.E.2d 648, 651 (1995); see also People v. Smart, 311 Ill. App. 3d 415, 417, 723 N.E.2d 1246, 1248 (2000). As the Anderson court observed, when an individual commits three felonies in a period of a few years, he demonstrates the wisdom of a lengthier MSR term than one who is not a recidivist offender. Anderson, 272 Ill. App. 3d 537, 650 N.E.2d 648. Therefore, when section 5--5--3(c)(8) provides that a repeat felon is to be sentenced as a Class X offender, "it necessarily means that [the offender] must receive an enhanced term of imprisonment and an enhanced term of [MSR]." Smart, 311 Ill. App. 3d at 417-18, 723 N.E.2d at 1248.

We agree with the reasoning of the First and Fourth Districts of the Appellate Court. In our view, it makes little sense for a Class 1 offender to be eligible for an enhanced term of imprisonment as a Class X offender but ineligible for an enhanced MSR term. See Smart, 311 Ill. App. 3d 415, 723 N.E.2d 1246. We find that the trial court correctly imposed a three-year term of MSR.

## II. Street Value Fine

The defendant next argues that his mandatory street value fine should be reduced from $100 to $20.

Initially, we note that the defendant waived this issue on

4

appeal because he did not object to the fine at the sentencing hearing or in a motion to reconsider his sentence. However, we will review this issue under the plain error doctrine because the alleged error implicates the substantial rights of the defendant. See People v. Otero, 263 Ill. App. 3d 282, 635 N.E.2d 1073 (1994) (stating that a street value fine should be reviewed for plain error because the defendant's substantial rights are implicated where the fine lacked an evidentiary basis).

Under section 5--9--1.1(a) of the Code, when a person has been found guilty of a drug related offense involving delivery of a controlled substance, a trial court must impose, in addition to any other penalties, a fine not less than the full street value of controlled substance seized. 730 ILCS 5/5--9--1.1(a) (West 2004). "Street value" is determined by the trial court "on the basis of testimony of law enforcement personnel and the defendant as to the amount seized and such testimony as may be required by the [trial] court as to the current street value of the *** controlled substance seized." 730 ILCS 5/5--9--1.1(a) (West 2004). The amount of evidence necessary to establish the street value of a given drug varies from case to case, but in all cases a trial court must have a concrete evidentiary basis for the fine imposed. People v. Reed, 376 Ill. App. 3d 121, 875 N.E.2d 167 (2007).

In the instant case, the record shows that the only evidence

relating to the street value of the cocaine came from Landeros, who purchased the cocaine rock from the defendant for $20. Thus, the $100 fine lacks a concrete evidentiary basis. Because it is not clear what further testimony would be required to establish the street value of the cocaine sold by the defendant, we find that the best evidence of the value of the cocaine rock in this case is the price agreed to by Landeros and the defendant. Thus, we modify the $100 street value fine imposed by the trial court to the sum of $20.

## CONCLUSION

The decision of the circuit court of Will County is affirmed in part and modified in part.

Affirmed in part and modified in part.

O'BRIEN, P. J. and WRIGHT, J. concurring.