NO. 4-08-0762          Filed 2/17/10

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Macon County |
| CHARLES E. LEE, | ) | No. 08CF33 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Timothy J. Steadman, |
| | ) | Judge Presiding. |

_____

JUSTICE POPE delivered the opinion of the court:

In April 2008, a jury convicted defendant, Charles E. Lee, of burglary (720 ILCS 5/19-1(a) (West 2006)). In May 2008, the trial court sentenced defendant as a Class X offender pursuant to section 5-5-3(c)(8) of the Unified Code of Corrections (Unified Code) (730 ILCS 5/5-5-3(c)(8) (West 2006) (as amended by Pub. Act 94-1035, §10, eff. July 1, 2007 (2006 Ill. Legis. Serv. 2668, 2668-74 (West)), Pub. Act 95-188, §5, eff. August 16, 2007 (2007 Ill. Legis. Serv. 1681, 1688-94 (West)), Pub. Act 95-259, §10, eff. August 17, 2007 (2007 Ill. Legis. Serv. 1994, 2001-07 (West)), and Pub. Act 95-331, §1070, eff. August 21, 2007 (2007 Ill. Legis. Serv. 2941, 2961-67 (West)))) (hereinafter 730 ILCS 5/5-5-3(c)(8) (West 2006) for ease of reference) to 13 years in the Illinois Department of Corrections (IDOC) to be followed by a 3-year period of mandatory supervised release (MSR). Defendant appeals, arguing he should have been sentenced strictly pursuant to section 5-8-1(a)(5) of the Unified Code (730 ILCS 5/5-8-1(a)(5) (West 2006)) because

section 5-8-1(a)(5) and section 5-5-3(c)(8) of the Unified Code conflict and due process requires application of the rule of lenity. Defendant also argues he should have been sentenced to a two-year term of MSR instead of a three-year term because he was only convicted of a Class 2 felony. We affirm.

## I. BACKGROUND

In January 2008, the State charged defendant by information with one count of burglary (720 ILCS 5/19-1(a) (West 2006)), relating to the December 2007 theft of a television from the Belvedere Center Plaza in Decatur. In April 2008, a jury found defendant guilty of burglary. In May 2008, the trial court sentenced defendant as a Class X offender to 13 years' imprisonment with 3 years of MSR because prior qualifying convictions rendered him eligible for Class X sentencing. This appeal followed.

## II. ANALYSIS

We first address defendant's argument he should have been sentenced within the sentencing range for Class 2 felonies pursuant to the rule of lenity because section 5-8-1(a)(5) of the Unified Code (730 ILCS 5/5-8-1(a)(5) (West 2006)) and section 5-5-3(c)(8) of the Unified Code (730 ILCS 5/5-5-3(c)(8) (West 2006)) are conflicting. Under section 5-5-3(c)(8) of the Unified Code, defendants over the age of 21, who are convicted of a Class 1 or Class 2 felony, must be sentenced as a Class X offender if they have prior convictions for two Class 2 or higher class felonies arising out of different series of acts.

- 2 -

Section 5-5-3(a) of the Unified Code (730 ILCS 5/5-5-3(a) (West 2006)) states "every person convicted of an offense shall be sentenced as provided in this [s]ection."  On the other hand, section 5-8-1(a) of the Unified Code states "[e]xcept as otherwise provided in the statute defining the offense, a sentence of imprisonment for a felony shall be a determinate sentence set by the court under this [s]ection, according to the following limitations."  730 ILCS 5/5-8-1(a) (West 2006).  Under "this section," i.e., section 5-8-1(a) of the Unified Code, the maximum term of imprisonment for a Class 2 felony is seven years. 730 ILCS 5/5-8-1(a)(5) (West 2006).

Defendant contends section 5-8-1(a)(5) of the Unified Code (730 ILCS 5/5-8-1(a)(5) (West 2006)) contains only one exception, i.e., "except as otherwise provided in the statute defining the offense."  Defendant's argument boils down to this: a statute defining an offense, and only a statute defining an offense, can provide for a sentence different from that provided in section 5-8-1(a)(5) of the Unified Code (730 ILCS 5/5-8-1(a)(5) (West 2006)).  Since section 5-5-3(c)(8) of the Unified Code (730 ILCS 5/5-5-3(c)(8) (West 2006)) is not a statute defining an offense, and because it provides for a different sentence for qualifying defendants than is provided in section 5-8-1(a)(5), the two sentencing provisions are in conflict. Further, because of this alleged conflict in the sentencing statutes, defendant contends the rule of lenity requires section 5-8-1(a)(5) to take precedence over the Class X sentencing

- 3 -

mandate of section 5-5-3(c)(8).

In criminal prosecutions, the rule of lenity requires ambiguities in statutes to be resolved in a defendant's favor. People v. Harper, 392 Ill. App. 3d 809, 820, 910 N.E.2d 691, 700-01 (2009). Particularly, where no legislative history exists to aid the court in determining whether the legislature intended an enhancement provision to apply to a given charge, the court can apply the rule of lenity. People v. Fields, 383 Ill. App. 3d 920, 922, 891 N.E.2d 990, 992 (2008), citing People v. Owens, 240 Ill. App. 3d 168, 170-71, 608 N.E.2d 159, 161 (1992).

Because defendant contends these two statutes conflict, thereby creating ambiguity, this presents an issue of statutory interpretation, which we review de novo. People v. Palmer, 218 Ill. 2d 148, 154, 843 N.E.2d 292, 296 (2006). The primary rule of statutory construction is to give effect to the legislature's intent. Palmer, 218 Ill. 2d at 156, 843 N.E.2d at 297. Both of the statutes at issue are part of the Unified Code and both concern criminal sentencing. Our supreme court has stated it presumes statutes that concern the same subject are governed by a single policy and one spirit, and the General Assembly intended the statutes to be consistent and harmonious. People v. Maya, 105 Ill. 2d 281, 286, 473 N.E.2d 1287, 1290 (1985). Statutes on the same subject should be considered with reference to one another, not in isolation, in a manner allowing both sections to have harmonious effect. Maya, 105 Ill. 2d at 287, 473 N.E.2d at 1290. This is true even when the two statutes are in "apparent

conflict," as long as this is reasonably possible.  Maya, 105 Ill. 2d at 287, 473 N.E.2d at 1290.

Our supreme court instructs us "'the legislature has the authority to set the nature and extent of penalties.  Courts will not interfere with such legislation unless the challenged penalty is clearly in excess of the very broad and general constitutional limitations applicable.'"  People v. Thomas, 171 Ill. 2d 207, 221, 664 N.E.2d 76, 84 (1996), quoting People ex rel. Carey v. Bentivenga, 83 Ill. 2d 537, 542, 416 N.E.2d 259, 262 (1981).  In this case, it is reasonably possible to give both of the sections of the Unified Code harmonious effect.  The supreme court has stated the General Assembly's purpose in enacting section 5-5-3(c)(8) of the Unified Code was to "punish recidivists more severely" than first-time offenders.  Thomas, 171 Ill. 2d at 228, 664 N.E.2d at 87.  Recidivism "'is a traditional, if not the most traditional, basis for *** increasing an offender's sentence.'"  Fields, 383 Ill. App. 3d at 923, 891 N.E.2d at 993, quoting Almendarez-Torres v. United States, 523 U.S. 224, 243, 140 L. Ed. 2d 350, 368, 118 S. Ct. 1219, 1230 (1998).  According to our supreme court, the legislature intended with the passage of section 5-5-3(c)(8) of the Unified Code to enhance the punishment for certain offenders based on their record of criminal convictions.  Thomas, 171 Ill. 2d at 222, 664 N.E.2d at 84.  In addition, our supreme court has held a trial court has no discretion in the application of section 5-5-3(c)(8).  Thomas, 171 Ill. 2d at 222, 664 N.E.2d at 84.

The First District recently tackled this very question. See Fields, 383 Ill. App. 3d 920, 891 N.E.2d 990. In Fields, the defendant was convicted of delivery of a controlled substance, a Class 2 felony, carrying a sentencing range of not less than three nor more than seven years' imprisonment. Fields, 383 Ill. App. 3d at 922, 891 N.E.2d at 993. However, because he qualified for Class X sentencing pursuant to section 5-5-3(c)(8) of the Unified Code due to his prior convictions, defendant was required to be sentenced to at least 6 years and not more than 30 years' imprisonment. Fields, 383 Ill. App. 3d at 922-23, 891 N.E.2d at 993. Declining to apply the rule of lenity, the First District found, in affirming the defendant's Class X sentence:

> "[W]here it has been determined that the
> legislature's intent was to make section 5-5-
> 3(c)(8) mandatory and a defendant's current
> and prior convictions fulfill the statutory
> requirements of that section, the defendant
> is properly sentenced as a Class X offender."
> Fields, 383 Ill. App. 3d at 923, 891 N.E.2d
> at 993, citing Thomas, 171 Ill. 2d at 222-23,
> 64 N.E.2d at 85.

We agree with the reasoning in Fields. A consistent, long-standing body of authority recognizes the sentencing provisions of section 5-5-3(c)(8) of the Unified Code (730 ILCS 5/5-5-3(c)(8) (West 2006)), when applicable, are mandatory and a trial court is without discretion to ignore them. See Fields, 383 Ill. App. 3d at 923, 891 N.E.2d at 993, citing Morrow v.

Dixon, 108 Ill. 2d 223, 226-27, 483 N.E.2d 876, 877 (1985); People v. Levin, 157 Ill. 2d 138, 156, 623 N.E.2d 317, 326 (1993); People v. Jameson, 162 Ill. 2d 282, 287, 642 N.E.2d 1207, 1209-10 (1994); Thomas, 171 Ill. 2d at 222, 664 N.E.2d at 84.

If this burglary conviction had been defendant's first criminal conviction, the sentencing range would have been not less than three years and not more than seven years in prison. 730 ILCS 5/5-8-1(a)(5) (West 2006). However, defendant is a recidivist. The General Assembly, in enacting section 5-5-3(c)(8) of the Unified Code (730 ILCS 5/5-5-3(c)(8) (West 2006)), intended to provide for Class X sentencing for recidivists like defendant, even though the underlying offense, standing alone, constituted only a Class 2 felony.

While in some situations, the expression of one thing in a statute can be construed to mean the exclusion of things unexpressed, this aid to the construction of a statute is subordinate to the rule that legislative intent controls in interpreting a statute. People v. Roberts, 214 Ill. 2d 106, 117, 824 N.E.2d 250, 256 (2005). As stated earlier, our supreme court has made clear the intent of the legislature was to punish recidivist criminals more harshly than first-time offenders. Thomas, 171 Ill. 2d at 228, 664 N.E.2d at 87. As for defendant's argument the rule of lenity requires this court to vacate defendant's sentence and remand this case for the trial court to sentence him to between three and seven years in prison, our supreme court has stated it is well settled the rule of lenity "does not require a court to construe a statute 'so rigidly ***

- 7 -

as to defeat the intent of the legislature.'" In re Detention of Powell, 217 Ill. 2d 123, 142, 839 N.E.2d 1008, 1019 (2005), quoting People v. Washington, 343 Ill. App. 3d 889, 903, 800 N.E.2d 436, 447 (2003). Construing these two sections of the Unified Code in the manner requested by defendant would defeat the intent of the legislature.

The fallacy of defendant's argument is further demonstrated when one considers the extended-term-sentencing provisions found in section 5-8-2 of the Unified Code (730 ILCS 5/5-8-2 (West 2006)). Under that section, if aggravating factors found in section 5-5-3.2(b) are present, then a defendant is eligible for an extended term for a Class 2 felony up to double the maximum sentence normally available, i.e., up to 14 years. 730 ILCS 5/5-8-2(a)(4) (West 2006). If this court accepts defendant's argument that section 5-8-1 of the Unified Code sets forth the maximum term available except where the statute defining the offense sets forth a different term, then no extended term of imprisonment could ever be imposed pursuant to section 5-8-2 of the Unified Code because it is not a "statute defining an offense." Certainly, no one could argue the legislature did not intend to make extended-term sentencing available to courts where defendants qualify for such sentencing. Yet, this is the logical extension of defendant's rationale.

Defendant next argues he should have only received a two-year term of MSR because he was only convicted of a Class 2 felony. This court has held that defendants subject to mandatory Class X sentencing under section 5-5-3(c)(8) of the Unified Code

- 8 -

based on prior convictions are required to serve a three-year MSR term. People v. Smart, 311 Ill. App. 3d 415, 417-18, 723 N.E.2d 1246, 1248 (2000). Defendant asks this court to reconsider its holding in Smart in light of our supreme court's decision in People v. Pullen, 192 Ill. 2d 36, 733 N.E.2d 1235 (2000). The State argues Pullen does not affect this court's holding in Smart because it is distinguishable. We agree.

In Pullen, the defendant committed five counts of burglary, a Class 2 offense (720 ILCS 5/19-1(b) (West 1994)), and the issue was the maximum length of consecutive sentences a court could impose under section 5-8-4(c)(2) of the Unified Code (730 ILCS 5/5-8-4(c)(2) (West 1994)). Pullen, 192 Ill. 2d at 40, 733 N.E.2d at 1237. The defendant's prior convictions subjected him to sentencing as a Class X offender under section 5-5-3(c)(8) of the Unified Code (730 ILCS 5/5-5-3(c)(8) (West 1994)). Pullen, 192 Ill. 2d at 41, 733 N.E.2d at 1238. At the time the defendant committed the offenses, section 5-8-4(c)(2) of the Unified Code provided, in pertinent part, the following: "'[T]he aggregate of consecutive sentences shall not exceed the sum of the maximum terms authorized under [s]ection 5-8-2 [of the Unified Code (730 ILCS 5/5-8-2 (West 1994))] for the [two] most serious felonies involved.'" Pullen, 192 Ill. 2d at 40, 733 N.E.2d at 1237, quoting 730 ILCS 5/5-8-4(c)(2) (West 1994). The issue was then "whether the maximum permissible sentence was 120 years--the sum of the maximum permissible extended-term sentences for two Class X offenses (730 ILCS 5/5-8-2(a)(2) (West 1994))--or 28 years--the sum of the maximum permissible extended-term sentences for two

- 9 -

Class 2 offenses (730 ILCS 5/5-8-2(a)(4) (West 1994))." Pullen, 192 Ill. 2d at 42, 733 N.E.2d at 1238.

The Pullen court noted the only felonies involved were burglaries, and burglary is explicitly defined as a Class 2 felony (720 ILCS 5/19-1(b) (West 1994)). Pullen, 192 Ill. 2d at 42-43, 733 N.E.2d at 1238. Under section 5-8-2(a)(4) of the Unified Code (730 ILCS 5/5-8-2(a)(4) (West 1994)), the maximum sentence for a Class 2 felony was 14 years, and thus the maximum aggregate sentence was 28 years. Pullen, 192 Ill. 2d at 43, 733 N.E.2d at 1238. The court specifically noted the character and classification of the defendant's felony convictions remain unchanged, notwithstanding he or she is subject to the sentence enhancement in section 5-5-3(c)(8) of the Unified Code. Pullen, 192 Ill. 2d at 46, 733 N.E.2d at 1240.

We agree with the State that Pullen does not undermine our decision in Smart, which involved section 5-8-1(d) of the Unified Code and not sections 5-8-4(c)(2) and 5-8-2 of the Unified Code. If a defendant satisfies the provisions of section 5-5-3(c)(8) of the Unified Code (730 ILCS 5/5-5-3(c)(8) (West 2006)), that section provides "such defendant shall be sentenced as a Class X offender." Section 5-8-1(d) of the Unified Code (730 ILCS 5/5-8-1(d) (West 2006)) states, "every sentence shall include as though written therein a term in addition to the term of imprisonment." As noted in Smart, 311 Ill. App. 3d at 417-18, 723 N.E.2d at 1248, that provision makes the MSR term part of the sentence. Thus, since the MSR term is part of the sentence under section 5-8-1(d) of the Unified Code and the sentence must be a

Class X sentence under section 5-5-3(c)(8) of the Unified Code, a reading of the two provisions together requires a Class X MSR term, i.e., a three-year term under section 5-8-1(d)(1) of the Unified Code. Thus, the three-year MSR term imposed by the trial court is not void.

Lastly, we note our decision in Smart, reaffirmed here, is in accord with decisions of the First and Third Appellate Districts. See People v. Anderson, 272 Ill. App. 3d 537, 541-42, 650 N.E.2d 648, 651 (1995); People v. Watkins, 387 Ill. App. 3d 764, 766-67, 901 N.E.2d 964, 966 (2009).

### III. CONCLUSION

For the reasons stated, we affirm the trial court's judgment. As part of our judgment, we award the State its $50 statutory assessment against defendant as costs of this appeal.

Affirmed.

KNECHT and STEIGMANN, JJ., concur.