THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ANTWAN McKINNEY, Defendant-Appellant.

Second District   No. 2—08—0584

Opinion filed March 25, 2010.

Thomas A. Lilien and Kim M. DeWitt, both of State Appellate Defender's Office, of Elgin, for appellant.

John A. Barsanti, State's Attorney, of St. Charles (Robert J. Biderman and Anastacia R. Brooks, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE JORGENSEN delivered the opinion of the court:

At issue in this appeal is whether a defendant who is convicted of a Class 2 felony, yet is sentenced as a Class X offender because of his criminal history, should receive the term of mandatory supervised release (MSR) imposed for Class X or Class 2 felonies. We conclude that a defendant sentenced as a Class X offender should receive the MSR term applicable to Class X felonies. Thus, we affirm.

The evidence presented at a bench trial revealed that defendant, Antwan McKinney, used force to steal a wallet. Defendant was found guilty of robbery, a Class 2 felony (720 ILCS 5/18—1 (West 2006)). Defendant moved to reverse his conviction or for a new trial, contending that he was not proved guilty beyond a reasonable doubt. The trial court denied the motion.

Because of defendant's criminal history, the trial court was required to sentence him as a Class X offender pursuant to section 5—5—3(c)(8) of the Unified Code of Corrections (Code) (730 ILCS 5/5—5—3(c)(8) (West 2006)). The trial court sentenced defendant to a 10-year term of imprisonment. Although not specified in the sentencing order, the Department of Corrections' Web site, of which this court may take judicial notice (see *People v. Young*, 355 Ill. App. 3d 317, 321 n.1 (2005)), indicates that defendant's sentence includes a three-year term of MSR. Three years is the length of MSR applicable to a Class X felony (730 ILCS 5/5—8—1(d)(1) (West 2006)), while the term of MSR for a Class 2 felony is two years (730 ILCS 5/5—8—1(d)(2) (West 2006)).

Although defendant subsequently moved to reduce his sentence, claiming that it was excessive, he never argued that he should receive a two-year term of MSR rather than a three-year term. The trial court denied the motion to reconsider, and defendant appealed.

On appeal, defendant acknowledges that, because he failed to raise in the trial court the issue of whether his MSR term should be two years or three, his argument is subject to forfeiture. See *Marshall v. Burger King Corp.*, 222 Ill. 2d 422, 430-31 (2006) (issues raised for the first time on appeal are forfeited). However, defendant claims, among other things, that this court can review for plain error the issue he raises. Because, in deciding whether the plain-error rule applies, we must consider the substance of defendant's argument to determine whether error occurred at all, we address the merits of defendant's claim. See *People v. McCreary*, 393 Ill. App. 3d 402, 406 (2009).

The issue raised in this appeal is whether a defendant convicted of a Class 2 felony, yet sentenced as a Class X offender because of his criminal history, should receive the MSR term imposed for Class X felonies or that applicable to Class 2 felonies. In resolving that issue, we must examine several sections of the Code.

■■ ■ Section 5—5—3(c)(8) of the Code concerns situations in which a defendant's criminal history requires sentencing the defendant as a Class X offender. Specifically, it provides:

"When a defendant, over the age of 21 years, is convicted of a Class 1 or Class 2 felony, after having twice been convicted in any state or federal court of an offense that contains the same elements

as an offense now classified in Illinois as a Class 2 or greater Class felony and such charges are separately brought and tried and arise out of different series of acts, such defendant shall be sentenced as a Class X offender." 730 ILCS 5/5—5—3(c)(8) (West 2006).

Section 5—8—1 of the Code (730 ILCS 5/5—8—1 (West 2006)) delineates, among other things, the range of sentences that may be imposed on defendants who are convicted of various classes of felonies. Subsection (a)(3) concerns the sentencing range for those defendants convicted of Class X felonies. 730 ILCS 5/5—8—1(a)(3) (West 2006). That subsection specifies:

"[E]xcept as otherwise provided in the statute defining the offense, for a Class X felony, the sentence shall be not less than 6 years and not more than 30 years[.]" 730 ILCS 5/5—8—1(a)(3) (West 2006).

Finally, section 5—8—(d) of the Code delineates MSR terms, and it states:

"Except where a term of natural life is imposed, every sentence shall include as though written therein a term in addition to the term of imprisonment. *** For those sentenced on or after February 1, 1978, such term shall be identified as [an MSR] term. Subject to earlier termination under Section 3—3—8, the *** [MSR] term shall be as follows:

(1) for *** a Class X felony *** 3 years;
(2) for *** a Class 2 felony *** 2 years[.]" 730 ILCS 5/5—8—1(d)(1), (d)(2) (West 2006).

■ Having set forth the statutes at issue in this appeal, we now must interpret them in order to resolve whether a defendant convicted of a Class 2 felony, yet sentenced as a Class X offender because of his criminal history, should receive the MSR term imposed on Class X or Class 2 felonies. When we interpret statutes, we must ascertain and give effect to the legislature's intent, which is best determined by the language used in the statute. *People v. Aleman*, 355 Ill. App. 3d 619, 624 (2005). The statute's words should be given their plain and ordinary meaning, and when the statutory language is unambiguous, this court must apply the statute without resorting to any aids of construction. *Aleman*, 355 Ill. App. 3d at 624. Because interpreting statutes presents a question of law, our review is *de novo*. *Aleman*, 355 Ill. App. 3d at 624.

In 2006, when defendant committed the robbery at issue in this case, section 5—5—3(c)(8) of the Code provided that an offender of defendant's age and with defendant's criminal history "shall be sentenced as a Class X offender." 730 ILCS 5/5—5—3(c)(8) (West 2006). This can only mean that such a defendant "shall be sentenced as a Class X offender" and shall receive the sentence—the *entire*

sentence—that one convicted of a Class X felony would receive. See *People v. Smart*, 311 Ill. App. 3d 415, 417-18 (2000). As noted, section 5—8—1(a)(3) provides, in pertinent part, that, "for a Class X felony, the sentence [of imprisonment] shall be not less than 6 years and not more than 30 years." 730 ILCS 5/5—8—1(a)(3) (West 2006). Section 5—8—1(d) provides that "every sentence shall include as though written therein [an MSR] term in addition to the term of imprisonment." Section 5—8—1(d)(1) requires a three-year MSR term "for *** a Class X felony." 730 ILCS 5/5—8—1(d)(1) (West 2006). This additional MSR is a part of a defendant's sentence. *People v. Whitfield*, 217 Ill. 2d 177, 188 (2005). Therefore, under the applicable statutes, a defendant "sentenced as a Class X offender" (730 ILCS 5/5—5—3(c)(8) (West 2006)) should serve the same MSR term as a defendant convicted of a Class X felony. Thus, because defendant was sentenced as a Class X offender, he is required to serve three years of MSR. See *People v. Lee*, 397 Ill. App. 3d 1067, 1071 (2010) (rule of lenity did not require that defendant convicted of Class 2 felony be sentenced as Class 2 offender despite the applicability of section 5—5—3(c)(8)). But *cf. People v. Hoekstra*, 371 Ill. App. 3d 720, 728 (2007) (accepting State's erroneous concession that defendant convicted of Class 2 felony but sentenced as Class X offender must serve only two years' MSR).

Defendant notes that, even though the law mandates that he be sentenced as a Class X offender, the offense of which he was found guilty, *i.e.*, robbery, is a Class 2 felony. Thus, defendant argues that he should receive two years of MSR, which is the MSR term imposed on those defendants who are convicted of Class 2 felonies. Defendant recognizes that three different districts of the appellate court have rejected the same argument he raises here. See *People v. Watkins*, 387 Ill. App. 3d 764, 766-67 (2009); *Smart*, 311 Ill. App. 3d at 417-18; *People v. Anderson*, 272 Ill. App. 3d 537, 541-42 (1995). Nevertheless, defendant claims that our supreme court's decision in *People v. Pullen*, 192 Ill. 2d 36 (2000), dictates that a defendant convicted of a Class 2 felony, but sentenced as a Class X offender, should receive the term of MSR for Class 2 felonies. We disagree.

In addressing defendant's arguments, we first comment on *Watkins*, *Smart*, and *Anderson*. In *Anderson*, after briefly paraphrasing the applicable statutes, the court determined that "the gravity of conduct offensive to the public safety and welfare, authorizing Class X sentencing, justifiably requires lengthier watchfulness after prison release than violations of a less serious nature." *Anderson*, 272 Ill. App. 3d at 541. Likewise, in *Smart*, although the court examined the language of the relevant statutes, the court, relying on *Anderson*, found that "[i]t would make little sense for the legislature to provide

that Class 2 offenders eligible under section 5—5—3(c)(8) of the Code for an enhanced term of imprisonment are ineligible for an enhanced term of [MSR]." *Smart*, 311 Ill. App. 3d at 418. The *Smart* court then observed that "conduct so offensive that it justifies a longer term of imprisonment surely justifies lengthier supervision after release." *Smart*, 311 Ill. App. 3d at 418. Agreeing with the reasoning employed in *Anderson* and *Smart*, the court in *Watkins*, after briefly reciting the applicable statutes, asserted that "when an individual commits three felonies in a period of a few years, he demonstrates the wisdom of a lengthier MSR term than one who is not a recidivist offender." *Watkins*, 387 Ill. App. 3d at 766. The *Watkins* court then determined that "it makes little sense for a Class 1 offender to be eligible for an enhanced term of imprisonment as a Class X offender but ineligible for an enhanced MSR term." *Watkins*, 387 Ill. App. 3d at 767. Although we agree with the result reached in *Anderson*, *Smart*, and *Watkins*, we find them overreaching to the extent that they relied on public policy reasons rather than the plain language of the relevant statutes. See *In re Estate of Snodgrass*, 336 Ill. App. 3d 619, 624 (2003) (noting that considerations of public policy should not lure courts away from a statute's clear language). In our view, the plain language of the applicable statutes dictates that defendants sentenced as Class X offenders shall receive the same three-year MSR term imposed on defendants convicted of Class X felonies.

Next, we find unpersuasive defendant's argument that the classification of the felony of which he was convicted dictates the length of his MSR. Just as section 5—8—1(d)(1) sets forth the MSR term "for *** a Class X felony," section 5—8—1(a)(3) sets out the prison term for a "Class X felony." 730 ILCS 5/5—8—1(a)(3), (d)(1) (West 2006). If, as defendant claims, section 5—8—1(d)(1) is inapplicable because defendant did not commit a Class X felony, then there is no sound reason why section 5—8—1(a)(3) should govern the length of his prison term. Logical consistency would dictate that defendant receive a prison term for a Class 2 felony. Were that the case, section 5—5—3(c)(8) would be rendered meaningless.

Finally, in contrast to defendant's view, *Pullen* does not change our conclusion. In *Pullen*, the defendant entered a negotiated plea of guilty to several burglaries, and he was sentenced as a Class X offender. *Pullen*, 192 Ill. 2d at 38-39. Pursuant to the plea agreement, the trial court imposed consecutive prison terms totaling 30 years. The defendant argued that the consecutive sentences violated a statute limiting the aggregate length of consecutive sentences to the sum of the maximum extended terms for his two most serious felonies (730 ILCS 5/5—8—4(c)(2) (West 1994)). The defendant argued that the two

most serious felonies he committed were Class 2 felonies, which carried maximum extended terms of 14 years. Thus, the defendant contended that the aggregate sentence could not exceed 28 years. The State argued that because the defendant was sentenced as a Class X offender and the maximum extended term for a Class X felony was 60 years, the statute in question permitted consecutive sentences totaling 120 years. The *Pullen* court agreed with the defendant. *Pullen*, 192 Ill. 2d at 42-43.

Defendant argues that *Pullen* stands for the proposition that "Class X sentencing eligibility under section 5—5—3(c)(8) will not trump a sentencing statute written in terms of the felonies committed." This argument overlooks a critical difference between the MSR statute at issue here and the consecutive sentencing provision considered in *Pullen*. The former specifies part of the sentence for a defendant's offense, while the latter delineates how separate sentences for separate crimes are served. "It is a settled rule in this state that sentences which run consecutively to each other are not transmuted thereby into a single sentence." *People v. Wagener*, 196 Ill. 2d 269, 286 (2001). As noted, the statutory mandate that defendant "shall be sentenced as a Class X offender" (730 ILCS 5/5—5—3(c)(8) (West 2006)) means that defendant shall receive a sentence that one convicted of a Class X felony would receive, *i.e.*, a prison term ranging from 6 to 30 years followed by a 3-year term of MSR. *Pullen* is entirely consistent with this interpretation. The statute considered in *Pullen* does not specify what sentence a Class X offender receives. Rather, it merely limits the extent to which separate sentences for separate offenses may be served consecutively. See *Lee*, 397 Ill. App. 3d at 1073 ("since the MSR term is part of the sentence under section 5—8—1(d) of the Unified Code and the sentence must be a Class X sentence under section 5—5—3(c)(8) of the Unified Code, a reading of the two provisions together requires a Class X MSR term," and *Pullen* is distinguishable).

In light of the above, we conclude that defendant, who was convicted of a Class 2 felony and sentenced as a Class X offender because of his criminal history, is subject to an MSR term of three years. Because imposing a three-year term of MSR was not error, let alone plain error, the plain-error rule does not apply. See *McCreary*, 393 Ill. App. 3d at 408.

For the foregoing reasons, the judgment of the circuit court of Kane County is affirmed.

Affirmed.

O'MALLEY and SCHOSTOK, JJ., concur.