FIRST DIVISION

No. 1-09-1668

IN THE APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court |
| Plaintiff-Appellee, | ) | of Cook County. |
| | ) | |
| v. | ) | No. 08 CR 20271 |
| | ) | |
| ALEX RUTLEDGE, | ) | Honorable |
| | ) | Thomas M. Davy, |
| Defendant-Appellant. | ) | Judge Presiding. |

JUSTICE LAMPKIN delivered the judgment of the court, with opinion.
Presiding Justice Hall and Justice Hoffman concurred in the judgment and opinion.

**O P I N I O N**

Following a bench trial, defendant Alex Rutledge was found guilty of aggravated battery of a police officer and sentenced, based on his criminal background, to a Class X term of 10 years' imprisonment. On appeal defendant contends that (1) he was denied a fair trial because the State introduced excessive and unnecessary "other crimes" evidence; and (2) he was improperly ordered to serve the three-year period of mandatory supervised release (MSR) associated with a Class X felony rather than the two-year period associated with the Class 2 offense of which he

1-09-1668

was convicted.  We affirm.

According to the State's theory of the case, the aggravated battery that formed the basis for defendant's conviction arose from and was a continuation of an incident that developed between defendant and Keisha Atas when she rejected defendant's sexual advances while parked in an alley.  The State contends that defendant battered Joseph Smith, an off-duty police officer, when Atas sought refuge in Smith's garage and Smith stepped between defendant and Atas.  Defendant contends that, whatever transpired between him and Atas, no presentation of those facts was necessary to explain an unrelated battery of Smith.

At trial, Keisha Atas testified that she and defendant were present at a "get together" at her cousin's house.  Atas had known defendant for more than 10 years.  At the get together, she and defendant drank vodka and played cards, then left together in her cousin's car at approximately 3 a.m.  Defendant was driving and they were accompanied by two other guests from the party.  Defendant dropped off the other guests and asked Atas if she would like to "hang out" and get another drink.  She agreed and defendant bought a bottle of vodka, which they consumed in the parked car.

Atas further testified that defendant commented that she was acting like she was "too good."  Atas ignored the comment, but

defendant began striking her in the face. Atas asked defendant to take her home. Instead, defendant parked in an alley. Atas told defendant that she needed to use the bathroom. Defendant let her out of the car to urinate and began to urinate in the alley himself. Defendant told Atas that "when you get back in, you better be ready to give me some pussy." Atas saw a garage door open and saw a man (Smith) standing near the alley. She ran toward Smith and into his garage.

Atas testified that as she passed Smith she noticed a badge on his belt. Defendant followed and was trying to get Atas to leave the garage. Smith told defendant that he was a police officer and asked defendant to leave. Defendant stated that he knew Smith was a police officer because he had seen him in the neighborhood. Smith told a woman to call 911 and bring him his handcuffs. Defendant continued to try to enter the garage and became more aggressive. Smith placed one handcuff on defendant, and then defendant swung at Smith, striking him in the face. They struggled until another man came from the alley and helped restrain defendant.

Joseph Smith testified that he is a Chicago police officer assigned to the marine unit. On the morning in question, he went to his garage and opened the door, planning to smoke a cigarette in the alley. He was wearing blue uniform pants, a tee-shirt

with the words "Chicago Police Marine Unit" and a badge clipped to his belt. He saw Atas get out of a car in the alley with her pants down around her legs and run toward his garage. Atas was crying and bleeding, she had bruises, and some of her hair had been pulled out. She ran into his garage. Defendant followed.

Smith testified that he was trying to "decipher" what was happening. Atas asked him to take her home. He said he could not, but offered to call the police. He asked defendant why Atas was bleeding and defendant said that she struck her head. Smith told defendant that Atas did not want to go with him and asked him to leave. Smith called 911 and told defendant that he was a police officer. Defendant said that he knew Smith was a police officer. Smith told defendant that he had called the police and suggested that defendant "bounce," *i.e.*, leave the area. Smith then used his cell phone to call his fiancée, who was also a police officer. He asked her to bring his weapon and handcuffs to the garage.

Smith further testified that when defendant continued to refuse to leave, he decided to place him under arrest. Smith placed a handcuff on defendant's left wrist. Defendant swung at Smith with his right hand and struck him in the face causing a bruise. A neighbor attempted to help secure defendant. He was unable to do so, but a second neighbor joined them and the three

men were able to place the handcuffs on defendant.  After Smith placed defendant in the handcuffs, a squad car arrived and another officer took defendant into custody.

Robert Franklin testified that he is Smith's neighbor.  He described assisting in defendant's arrest and generally corroborated Smith's account of his fight with defendant.

Officer Grubbs[1] also testified.  When he arrived on the scene defendant was in handcuffs.  He observed swelling and bleeding on Smith's cheek.

The State rested and defendant moved for a directed finding. The trial court denied the motion.

Defendant testified that he was in the alley that morning and got into an "altercation" with Atas.  He testified that he and Atas hit each other.  Smith approached him and told him he was being disrespectful.  Smith displayed his weapon "acting like he was Denzel Washington."  Defendant testified that he had experienced problems with Smith in the past and  was not in the mood for his "bull crap."  Defendant denied striking Smith or committing any other offense before he was arrested.

The defense rested, and the trial court found defendant guilty of aggravated battery.  The trial court subsequently found defendant eligible for Class X sentencing and sentenced him to 10

---

[1]Officer Grubbs' first name does not appear in the record.

years' imprisonment followed by a 3-year period of MSR. Defendant appealed.

Defendant first contends that the improper admission of other crimes evidence deprived him of the right to a fair trial. Although acknowledging that his trial attorney failed to preserve this error by objecting at the trial level, defendant argues alternatively that this error constitutes plain error or that the failure to object deprived him of the effective assistance of counsel. Before addressing either prong of defendant's argument, we must first consider whether any error occurred. See *People v. Piatkowski*, 225 Ill. 2d 551, 565 (2007) ("the first step [of the plain error analysis] is to determine whether error occurred"); *People v. Jackson*, 391 Ill. App. 3d 11, 34 (2009) (counsel was not ineffective for failing to object to evidence of other crimes that was properly admitted as part of a continuing narrative).

Evidence of other offenses is admissible if it is relevant for any purpose other than to show propensity to commit crime. *People v. Bedoya*, 325 Ill. App. 3d 926, 937 (2001). Although admissible for a proper purpose, such evidence should still be excluded if its probative value is outweighed by the danger of unfair prejudice. *People v. Nunley*, 271 Ill. App. 3d 427, 431 (1995). However, if the evidence of the other offenses and the evidence of the crime charged are inextricably intertwined, the

rule relating to other crimes is not implicated and ordinary relevancy principles apply. *People v. Manuel*, 294 Ill. App. 3d 113, 124 (1997).

Here, we find that evidence of defendant's conduct in the car was an integral and natural part of the Atas' description of the circumstances surrounding defendant's aggravated battery of Officer Smith. Defendant argues that it was possible to present testimony about his confrontation with Smith without mentioning what happened in the car between defendant and Atas. This is not the standard; it is not all prejudicial evidence that must be excluded but, rather, only that which is *unfairly* prejudicial. See *Nunley*, 271 Ill. App. 3d at 431. Admittedly, the evidence presented depicts defendant as a mean-tempered drunk willing to at least batter a woman and quite possibly contemplating sexual assault. Without this evidence, there is no explanation for defendant's conduct toward Smith at the garage. With this evidence, it becomes clear that defendant was intoxicated and angry that Smith was thwarting his attempt to sexually assault Atas. Although the State possibly could have proved its case without this evidence, there is no rule that requires the State to present a watered-down version of events simply because otherwise highly probative evidence is unflattering to defendant. Therefore, we conclude that evidence of defendant's conduct

toward Atas in the car was not unfairly prejudicial and was properly admitted. Consequently, defendant can establish neither plain error for the admission of the evidence (see *Piatkowski*, 225 Ill. 2d at 565) nor ineffective assistance of counsel based on the failure to object (see *Jackson*, 391 Ill. App. 3d at 34).

Defendant next contends that although he was sentenced as a Class X offender, he should not be subject to a three-year period of MSR but, rather, should be subject to the two-year period of MSR associated with the underlying Class 2 offense. Defendant concedes that this issue has been decided against him in *People v. Anderson*, 272 Ill. App. 3d 537 (1995), *People v. Smart*, 311 Ill. App. 3d 415 (2000), and *People v. Watkins*, 387 Ill. App. 3d 764 (2009). However, defendant argues that these cases are "unpersuasive" because *Anderson* and *Smart* were decided prior to and without the benefit of our supreme court's decision in *People v. Pullen*, 192 Ill. 2d 36 (2000), and *Watkins* did not address the application of *Pullen*.

Cases that have considered the issue in light of *Pullen* have, nevertheless, also gone against defendant's position. See *People v. Lee*, 397 Ill. App. 3d 1067 (2010); *People v. McKinney*, 399 Ill. App. 3d 77 (2010). The *McKinney* court examined the plain language of the Unified Code of Corrections and concluded: "This can only mean that such a defendant 'shall be sentenced as

1-09-1668

a Class X offender' and shall receive the sentence--the *entire* sentence--that one convicted of a Class X felony would receive." (Emphasis in original.) *McKinney*, 399 Ill. App. 3d 80-81 (quoting 730 ILCS 5/5-5-3(c)(8)(West 2006)). Both the *McKinney* and *Lee* courts went on to consider the application of *Pullen* and held that a defendant sentenced as a Class X offender is required to serve the Class X MSR term of three years. *McKinney*, 399 Ill. App. 3d at 83; *Lee*, 397 Ill. App. 3d at 1073.

Defendant "acknowledges" *McKinney* and *Lee*, but argues that they were wrongly decided. We, however, see no reason to depart from these well-reasoned decisions. Accordingly, we hold that defendant was properly ordered to serve three years of MSR.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

1-09-1668

THE PEOPLE OF THE STATE OF ILLINOIS,

Plaintiff-Appellee,

v.

ALEX RUTLEDGE,

Defendant-Appellant.

No. 1-09-1668

Appellate Court of Illinois
First District, FIRST DIVISION

April 18, 2011

JUSTICE LAMPKIN delivered the judgment of the court, with opinion.

Presiding Justice Hall and Justice Hoffman concurred in the judgment and opinion.

Appeal from the Circuit Court of Cook County.
The Hon. Thomas M. Davy, Judge Presiding.

**COUNSEL FOR APPELLANT**
Michael J. Pelletier, State Appellate Defender, Chicago, IL 60601
Alan D. Goldberg, Deputy Defender
OF COUNSEL: Robert N. Markfield

**COUNSEL FOR APPELLEE**
Anita Alvarez, Cook County State's Attorney, Chicago, IL 60602
OF COUNSEL: Alan J. Spellberg and John Nowak