# Illinois Official Reports

## Appellate Court

---

## *People v. Larke*, 2018 IL App (3d) 160253

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. LAMONT L. LARKE, Defendant-Appellant. |
| District & No. | Third District<br>Docket No. 3-16-0253 |
| Rule 23 order filed<br>Motion to<br>publish allowed<br>Opinion filed | November 29, 2018<br><br>December 14, 2018<br>December 14, 2018 |
| Decision Under Review | Appeal from the Circuit Court of La Salle County, No. 15-CF-194; the Hon. Howard C. Ryan Jr., Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | James E. Chadd, Peter A. Carusona, and Adam N. Weaver, of State Appellate Defender's Office, of Ottawa, for appellant.<br><br>Karen Donnelly, State's Attorney, of Ottawa (Patrick Delfino, David J. Robinson, and Richard T. Leonard, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |

Panel                          JUSTICE WRIGHT delivered the judgment of the court, with opinion.
                               Justices O'Brien and Schmidt concurred in the judgment and opinion.


                                         **OPINION**


¶ 1     The State charged Lamont L. Larke with unlawful possession of a controlled substance with intent to deliver, and additionally alleged that defendant was within 1000 feet of a school at the time of the offense. A La Salle County jury found defendant guilty of the offense charged. On appeal, defendant assigns error to the trial court's admission of other-crimes evidence and the trial court's decision not to answer a question posed by the jury during deliberation. Additionally, defendant contends a recent amendment to section 407 of the Illinois Controlled Substances Act applies retroactively to defendant's case. Pub. Act 100-3, § 25 (eff. Jan. 1, 2018) (amending 720 ILCS 570/407).


¶ 2                                   I. BACKGROUND

¶ 3     On June 16, 2015, the State charged Lamont L. Larke (defendant) with unlawful possession of a controlled substance with intent to deliver (720 ILCS 570/401(c)(2) (West 2014)) and alleged "that the said defendant knowingly and unlawfully possessed with the intent to deliver 1 gram or more but less than 15 grams of a substance containing cocaine, a controlled substance." On September 8, 2015, the State indicted defendant on a second count of unlawful possession of a controlled substance with intent to deliver (*id.* § 407(b)(1)) and alleged "that the said defendant knowingly and unlawfully possessed with the intent to deliver more than 1 gram, but not more than 15 grams, of a substance containing cocaine, a controlled substance *** within 1,000 feet of Jefferson Grade School, in Ottawa, Illinois."

¶ 4     On August 21, 2015, the State filed a motion *in limine* seeking to admit other-crimes evidence of defendant's prior conviction for unlawful possession of cannabis with intent to deliver in Cook County case No. 10-CR-043260 for purposes of impeachment. On September 22, 2015, the trial court conducted a jury trial in the matter, which ended in a hung jury and was declared a mistrial. On October 28, 2015, the State filed a second motion *in limine*, seeking to admit other-crimes evidence of defendant's prior conviction in the State's case-in-chief as evidence of defendant's knowledge and/or intent. On February 8, 2016, immediately before defendant's second jury trial, the trial court conducted a hearing on the State's motion to admit the other-crimes evidence. During the hearing, the State argued that the other crime's evidence was admissible to show defendant's knowledge and intent. Defendant objected to the admission of the other-crimes evidence and argued the prejudicial effect far outweighed the probative value. When ruling, the trial court stated:

        "All right. I have to balance the probative and prejudicial. Threshold question of similarities has been met.

        Now the prejudicial. It's close in time and proximity to the previous conviction. No, I think it's probative. I think the probative value far outweighs the prejudicial. I'm going to permit them to use it with the caveat it must be a special limiting instruction and, State, you're going to have to watch that."

¶ 5 To begin the trial, the State called Steve Hopkins, an officer with the Ottawa Police Department, to testify. Hopkins testified that at about 1:15 a.m. on May 30, 2015, he was patrolling the 1500 block of Columbus Street in Ottawa, Illinois. Hopkins observed what appeared to be people arguing next to a gas pump at the Circle K gas station. Hopkins's squad car was equipped with a video camera. The video camera was not activated because Hopkins did not turn on his overhead lights when pulling into the parking lot. Hopkins approached the car to make sure "nothing was going on." At this time, Hopkins made contact with defendant, and Corporal Kyle Booras arrived at the scene. Defendant was sitting in the passenger seat of the car with two or three others in the car. Hopkins noticed an open bottle of alcohol near where defendant was sitting. Defendant was asked to exit the vehicle, and Booras searched defendant. Booras found some small plastic bags on defendant's person. Defendant told Hopkins the bags were for personal use. A subsequent search of the vehicle yielded no further contraband or paraphernalia.

¶ 6 Next, the State called Booras to testify. On the night in question, Booras arrived at the Circle K to back up Hopkins. Booras walked up to the vehicle and made contact with defendant. Booras observed some open alcohol containers in the vehicle. Booras asked defendant to step out of the vehicle and to pour out the alcohol. Defendant informed Booras that he had "a little crack." Booras found bags that contained a white, chalky substance on defendant's person. Booras also located $239 in defendant's pants pocket. Booras did not find drug paraphernalia on defendant. Defendant told the officers that the white, chalky substance was his and was for his own personal use. Defendant also told the officers that the money in his pocket came from a security job he worked in Chicago. Booras never saw defendant selling anything.

¶ 7 The parties agreed that if called to testify, Cynthia Koulis, a forensic scientist at the Illinois State Police crime lab, would testify that she received a plastic bag containing 28 smaller plastic bags. Koulis also received another bag that contained two smaller plastic bags. Each individual plastic bag contained an off-white, rock-like substance. Koulis tested 10 of the bags. The 10 bags tested positive for the presence of cocaine.

¶ 8 The State called Marc Hoster, a detective with the Ottawa Police Department, to testify. Hoster was assigned to investigate drug-related crimes and had received specialized drug training. Hoster was familiar with the various weights at which different controlled substances were generally packaged and sold. Hoster testified that the 10 bags in question appeared "to be exactly the same package in the same way, same size, tied off, knotted in the exact same way. Looks like they were all packaged at the same time or relatively the same time together." Hoster opined that the 10 bags were not for personal use. Additionally, Hoster testified that the Circle K gas station was 600 feet from Jefferson Grade School, and the defense stipulated the distance was less than 1000 feet.

¶ 9 Following Hoster's testimony, the court addressed the jury as follows:

"All right, ladies and gentlemen, we have reached a point in the trial where I'm going to read you an instruction. Please listen carefully because you're going to get it again but I need to read this instruction before the next piece of evidence comes in.

Evidence will be received that the defendant has been involved in an offense other than that charged in the indictment. This evidence has been received on the issue of the defendant's intent and knowledge and may be considered by you only for that limited

purpose. It is for you to determine what weight should be given to this evidence on the issue of knowledge and intent."

Over defendant's objection, the State admitted a certified copy of defendant's conviction for unlawful possession of cannabis with the intent to deliver in Cook County case No. 10-CR-043260. At the close of the State's evidence, the trial court denied defendant's motion for a directed verdict.

¶ 10 During closing argument, the State argued there was no dispute concerning the amount of cocaine or that defendant possessed the cocaine within 1000 feet of Jefferson Grade School. Thus, the only question before the jury was defendant's intent to deliver. The defense argued that the State did not prove beyond a reasonable doubt that defendant intended to deliver the drugs.

¶ 11 During deliberation, the jury sent a note to the court that read "[i]f we have a hung jury, will the defendant be found not guilty on all charges?" In a conversation between the State, defense counsel, and the court, the State suggested that the court instruct the jury to keep deliberating. Defense counsel suggested that the court instruct the jury that "if they have a hung jury the defendant will not be found not guilty." The court brought the jury back into the courtroom and stated:

"Ladies and gentlemen, at this time the best way I can answer this, you have your jury instructions. Continue on, okay? That's the best I can do for you."

¶ 12 The jury returned a verdict of guilty to the charge of unlawful possession of a controlled substance with intent to deliver within 1000 feet of a school. On April 8, 2016, the trial court sentenced defendant to serve seven years in the Illinois Department of Corrections. Defendant filed no posttrial motions. Defendant appeals.

¶ 13 II. ANALYSIS

¶ 14 Defendant first argues that the trial court erred when it allowed the State to introduce evidence of defendant's prior conviction for possession of cannabis with intent to deliver as other-crimes evidence of defendant's intent to deliver the cocaine in the instant case. Specifically, defendant argues the other-crimes evidence should not have been admitted because there was no showing of a general threshold similarity between the facts of the prior conviction and the current charged offense.

¶ 15 The State argues that defendant forfeited his other-crimes evidence argument. Alternatively, the State contends the trial court's admission of the other-crimes evidence was not error.

¶ 16 At the outset, defendant acknowledges that his failure to include this issue in a posttrial motion amounts to forfeiture of the claim on appeal. *People v. Enoch*, 122 Ill. 2d 176, 186 (1988). Defendant requests review pursuant to plain error. The doctrine of plain error is a limited and narrow exception to the rule of procedural default, wherein a reviewing court may consider an unpreserved error (1) where a clear and obvious error occurred, and the evidence was so closely balanced that the error alone threatened to tip the scales of justice against defendant, regardless of the seriousness of the error, or (2) where a clear and obvious error occurred, and the error was so serious that it affected the fairness of defendant's trial and challenged the integrity of the judicial process regardless of the closeness of the evidence. *People v. Walker*, 232 Ill. 2d 113, 124 (2009). Defendant bears the burden of persuasion under

either prong of plain error. See *People v. Sebby*, 2017 IL 119445. Reviewing courts conducting plain error analysis must first determine whether error occurred at all. *Id.* ¶ 49.

¶ 17    It is within the discretion of the trial court to admit other-crimes evidence when such evidence is relevant "to show *modus operandi*, intent, identity, motive, or absence of mistake with respect to the crime with which the defendant is charged." *People v. Watkins*, 2015 IL App (3d) 120882, ¶ 44. When the State offers other-crimes evidence, the court must weigh its probative value against its prejudicial effect. *People v. Pikes*, 2013 IL 115171, ¶ 11. Evidence of another crime may be used "only when the other crime has some threshold similarity to the crime charged." *People v. Bartall*, 98 Ill. 2d 294, 310 (1983). Similarity between the other crime and the crime charged serves to increase the relevance of the evidence and ensure the evidence is not being used to establish a defendant's criminal propensities. *Id.*

¶ 18    The admissibility of evidence rests within the trial court's sound discretion, and the court's decision to admit evidence will not be disturbed absent an abuse of discretion. *Pikes*, 2013 IL 115171, ¶ 12.[1] The trial court abuses its discretion only where its decision is arbitrary, fanciful, or unreasonable, or where no reasonable person would agree with the trial court's decision. *People v. Becker*, 239 Ill. 2d 215, 234 (2010). Reviewing courts apply a *de novo* standard to determine whether a forfeited claim is reviewable as plain error. *People v. Johnson*, 238 Ill. 2d 478, 485 (2010).

¶ 19    Here, this court's decision in *Watkins*, 2015 IL App (3d) 120882, is dispositive. In *Watkins*, the defendant was charged with unlawful possession of a controlled substance, cocaine, with intent to deliver. *Id.* ¶ 3. The prosecutor in *Watkins* sought to admit the defendant's prior conviction for possession of cannabis with intent to deliver as other-crimes evidence to show the defendant's intent or knowledge at trial. *Id.* ¶¶ 3, 4. The prosecutor informed the trial court that the defendant's prior conviction was for possession of cannabis with intent to deliver and that this conviction occurred within the last three or four years. *Id.* ¶ 47. On appeal, the defendant in *Watkins* argued, *inter alia*, that the trial court erred in admitting his prior conviction for possession of cannabis with intent to deliver as evidence of his intent to deliver cocaine in his present case because the State presented no facts to the trial court showing that the defendant's prior offense had a threshold similarity with the crime charged. *Id.* ¶ 42. This court held that the information provided by the prosecutor, "albeit the bare minimum, was sufficient for the trial court to determine, in its discretion, that a general threshold similarity existed between the facts of the prior offense and the facts of the current offense." *Id.* ¶ 47.

¶ 20    Just like in *Watkins*, the prosecutor in this case presented the court with information that defendant's prior conviction was for possession of cannabis with intent to deliver, that his prior conviction was close in time to the current charge, and that defendant's prior conviction also involved possession of a drug with intent to deliver. The other-crimes evidence was reliable because it was a conviction. The fact that a different drug was involved in defendant's prior offense did not serve to make the prior offense and the current, charged offense dissimilar. See *United States v. Hernandez*, 84 F.3d 931, 935 (7th Cir. 1996). Moreover, defendant's intent

---

[1]We disagree with defendant's argument that this issue is subject to *de novo* review under *People v. Aguilar*, 265 Ill. App. 3d 105 (1994). The instant case is factually distinguishable from *Aguilar*. Moreover, in its discretion, contrary to defendant's argument that the trial court made no factual findings, the trial court specifically balanced the evidence and found that the crimes were similar and close in time. The trial court also granted a special limiting instruction.

was an element of the crime charged in this case, thereby elevating the probative value of the other-crimes evidence. For these reasons, defendant cannot establish plain error as no clear and obvious error occurred.

¶ 21     Next, defendant argues the trial court erred by failing to give a direct answer to the jury's question about whether defendant would be found not guilty on all charges if there was a hung jury. Defendant argues that the trial court should have answered "no," and because the trial court did not answer the question directly, defendant was prejudiced and denied his right to a fair jury trial. Conversely, the State contends that the trial court's actions were not in error because the jury was not entitled to receive a direct answer to the question where the question was irrelevant to whether defendant was guilty of the offense for which he was on trial.

¶ 22     Defendant once again acknowledges his forfeiture of this issue. We consider whether the doctrine of plain error excuses defendant's forfeiture. A trial court's decision to answer or refrain from answering a question posed by the jury during deliberation will not be disturbed absent an abuse of discretion. *People v. Landwer*, 279 Ill. App. 3d 306, 314 (1996).

¶ 23     In this case, defendant does not challenge the propriety or clarity of the jury instructions this particular jury received. Since the instructions given by the trial court were legally correct and understandable, the trial court simply answered the jury's inquiry by redirecting the jurors to the prior instructions from the court. The case law recognizes that a trial court may decline to provide a more detailed answer where any additional explanation by the court would likely direct a particular verdict. *Id.* "A trial court may not 'hasten' a verdict by giving an instruction intended to coerce jurors into surrendering their views." *People v. Love*, 377 Ill. App. 3d 306, 316 (2007) (holding that a trial judge's instruction to jurors to "keep deliberating," in response to a jury inquiry regarding an apparent impasse in deliberations, was not improper because the instruction was simple, neutral, and non-coercive, and did not imply to minority jurors that the majority view was the correct one); *People v. Boyd*, 366 Ill. App. 3d 84, 99 (2006).

¶ 24     Further, a trial court should only attempt to answer a jury's question when the question is explicit and involves a point of law arising from the facts over which there is doubt or confusion. *People v. Childs*, 159 Ill. 2d 217, 228-29 (1994). To illustrate his point, defendant cites *Childs* and *People v. Shannon*, 206 Ill. App. 3d 310 (1990). These cases are readily distinguishable from the instant case. In *Childs*, the jury posed a question to the court during deliberation that read: "Can the defendant be guilty of armed robbery and voluntary or involuntary manslaughter or must murder be the only option with armed robbery?" (Internal quotation marks omitted.) The court responded that the jury had received its instructions and should continue deliberating. *Childs*, 159 Ill. 2d at 225. Our supreme court ruled that the court's failure to answer the jury's question constituted error because the question arose on a point of law stemming from the facts. See *id.* at 234-35. Unlike the *Childs* case, the question posed to this court did not pertain to the charges against defendant and did not arise from the facts. Similarly, during deliberations in *Shannon*, the jury sent out a note which stated: "On the first proposition for Agg. Batt. clarify is it intent to throw the Rock and it Resulted in great Bodily Harm or is it to throw it the Rock intending to do great Bodily Harm." (Internal quotation marks omitted.) *Shannon*, 206 Ill. App. 3d at 315. The Fourth District held that the trial court abused its discretion by choosing not to respond to the jury's inquiry. *Id.* at 317. Again, unlike *Shannon*, the question posed in the instant case did not signify confusion regarding the charges against defendant arising from the facts.

¶ 25    In this case, the jury questioned the nature of events that would follow the announcement of the jury's verdict. The disposition following a verdict, much like the nature of the punishment to follow a guilty verdict, involves matters the jurors are not called upon to deliberate. The consequences of a jury verdict do not involve points of law the jury must deliberate. Therefore, the trial court did not err by referring the jurors back to the instructions previously received. Plain error does not apply here.

¶ 26    Defendant lastly asserts that this court should remand the cause to the trial court to reduce defendant's offense from a Class X felony to a Class 1 felony pursuant to the statutory amendment to section 407 of the Illinois Controlled Substances Act adopted in Public Act 100-3. Pub. Act 100-3, § 25 (eff. Jan. 1, 2018) (amending 720 ILCS 570/407). Defendant argues that this amendment, which reduced the sentencing enhancement for delivery violations from a distance of 1000 feet to 500 feet of protected areas, applies retroactively to defendant's case. The State argues that the statutory amendment to section 407 does not apply retroactively to defendant's case and asserts that our supreme court's recent decision in *People v. Hunter*, 2017 IL 121306, is dispositive on the issue. Whether a statutory amendment should be applied retroactively to defendant's case presents an issue of statutory construction subject to our *de novo* review. *Id.* ¶ 15; *People v. Atkins*, 217 Ill. 2d 66, 68 (2005).

¶ 27    In *Landgraf v. USI Film Products*, 511 U.S. 244 (1994), the United States Supreme Court promulgated a retroactivity analysis that our supreme court adopted in *Commonwealth Edison Co. v. Will County Collector*, 196 Ill. 2d 27 (2001). The first part of the *Landgraf* analysis is to determine whether the legislature clearly indicated the temporal reach of the amended statute. *Id.* at 37. If the legislature does not clearly indicate the temporal reach, "the court must determine whether applying the statute would have a retroactive impact" or, in other words, whether the retroactive application " 'would impair rights a party possessed when he acted, increase a party's liability for past conduct, or impose new duties with respect to transactions already completed.' " *Id.* at 38 (quoting *Landgraf*, 511 U.S. 244 at 280).

¶ 28    However, our supreme court in *Howard* held that, pursuant to section 4 of the Statute on Statutes (5 ILCS 70/4 (West 2014)), Illinois courts need never reach beyond the first step of the *Landgraf* analysis. *People ex rel. Alvarez v. Howard*, 2016 IL 120729, ¶ 20. The *Howard* court explained that section 4 of the Statute on Statutes "is a general savings clause, which this court has interpreted as meaning that procedural changes to statutes will be applied retroactively, while substantive changes are prospective only." *Id.*

¶ 29    Recently, our supreme court in *Hunter* considered whether an amendment to juvenile sentencing provisions, allowing the trial court discretion to not impose mandatory firearm enhancements, applied retroactively to a defendant's case that was pending on appeal when the amendment became effective. *Hunter*, 2017 IL 121306, ¶¶ 45-46. Because the amended statute was silent as to its temporal reach, much like the instant case, the supreme court turned to section 4 of the Statute on Statutes, which states, in relevant part:

> "If any penalty, forfeiture or punishment be mitigated by any provisions of a new law, such provision may, by the consent of the party affected, be applied to any judgment pronounced after the new law takes effect." 5 ILCS 70/4 (West 2016).

Citing several prior decisions, our supreme court held that, pursuant to section 4, defendants are not entitled to be resentenced under a new statutory amendment that became effective while their case was on appeal after sentencing had already occurred. *Hunter*, 2017 IL 121306,

¶¶ 54, 56; see *People v. Hansen*, 28 Ill. 2d 322 (1963), and *People v. Bradford*, 106 Ill. 2d 492 (1985).

¶ 30    Here, because defendant requests to have his sentence mitigated, his claim falls directly under the provisions of section 4. 5 ILCS 70/4 (West 2016). Defendant was sentenced on April 8, 2016, and appealed on May 9, 2016. The amendment to section 407 was not effective until January 1, 2018. Much like the *Hunter* case, defendant's case was completed in the trial court well before the amendment to section 407. Further, our holding on the other issues raised by defendant on direct appeal does not necessitate further proceedings in the trial court. Based on our supreme court's recent decision in *Hunter*, we hold the amendment to section 407 does not apply retroactively to defendant in this case.

¶ 31                                III. CONCLUSION
¶ 32    The judgment of the circuit court of La Salle County is affirmed.

¶ 33    Affirmed.