2024 IL App (1st) 220040-U

No. 1-22-0040

Order filed March 1, 2024

Fifth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 18 CR 16215 |
| | ) | |
| PORFIRIO PEREZ, | ) | Honorable |
| | ) | Angela Munari Petrone, |
| Defendant-Appellant. | ) | Judge Presiding. |

JUSTICE LYLE delivered the judgment of the court.
Presiding Justice Mitchell and Justice Mikva concurred in the judgment.

**ORDER**

¶ 1    *Held*:   Defendant's convictions affirmed where the trial court exercised proper discretion in admitting the victim's testimony regarding defendant's other-crimes conduct that were part of the continuing narrative of the charged offense.

¶ 2    Following a jury trial, the defendant-appellant, Porfirio Perez, was found guilty of predatory criminal sexual assault of a child, indecent solicitation of a child, and aggravated criminal sexual abuse and sentenced to 22 years' imprisonment. On appeal, Mr. Perez argues the trial court abused its discretion by admitting uncharged other-crimes evidence, consisting of

testimony from the minor-victim, R.G., that defendant took photographs of her after asking her to undress. For the reasons that follow, we affirm Mr. Perez's conviction and sentence.

¶ 3                                  BACKGROUND

¶ 4    Mr. Perez was charged by indictment with one count of predatory criminal sexual assault of a child (720 ILCS 5/11-1.40(a)(1) (West 2016)), alleging Mr. Perez committed sexual penetration between his penis and R.G.'s "sex organ"; one count of incident solicitation of a child (720 ILCS 5/11-6(a) (West 2016)), alleging Mr. Perez solicited R.G. for contact between his penis and R.G.'s mouth; and two counts of aggravated criminal sexual abuse (720 ILCS 5/11-1.60(c)(1)(i) (West 2016)), alleging Mr. Perez touched his hand to R.G.'s "buttock" and alleging he touched his hand to her "sex organ." The indictment alleged the offenses took place in May 2016 and that R.G. was under the age of 13. The record shows that R.G. was born in October 2005.

¶ 5    On October 13, 2021, the trial court conducted a jury trial. At trial, R.G. testified that Mr. Perez was her aunt Angelica Villasenor's boyfriend and her cousins' father. In May 2016, R.G. lived in a house in Chicago with her mother, Norma Villasenor, two brothers, aunt, two cousins and Mr. Perez. R.G. and her mother slept in beds near the dining room, and her aunt, Mr. Perez, and their children all slept in a bedroom.

¶ 6    One morning in May 2016, while R.G. was in bed, Mr. Perez asked her to hold his phone. She did not know why. R.G. held his phone for "a little bit' and handed it back to him. He then paced between the kitchen and bathroom. R.G. went to the bathroom and closed the door, but the lock was broken. He followed her into the bathroom and said, "everybody was going to do this." He asked R.G. to undress and stand in the bathtub. R.G. did so. Mr. Perez then "took out his phone

and started taking pictures." Defense counsel objected to this testimony, and the court held a sidebar.

¶ 7    In the sidebar, defense counsel stated, "I believe she's going to go into testimony about him taking photographs, which would be an uncharged crime." The State responded that R.G. would testify that Mr. Perez's phone did not work, he approached her afterwards, and that was why he followed her back into the bathroom. The State further explained that no photographs were actually taken and "it was to get [R.G.] into the bathroom where the penetration occurs." The court stated it would allow the testimony "[b]ased on that" but noted the objection for the record.

¶ 8    After R.G. saw Mr. Perez in the bathroom with his phone, she got dressed and went back to bed. He approached her and asked if she could "suck his d***." R.G. refused, and he left. He then showed her his phone again, but "there was nothing there." He said, " 'I guess you have to do it again.' "

¶ 9    When R.G. went to the bathroom again that morning, Mr. Perez followed her into the bathroom with his phone. He directed R.G. to remove her pants, bent her over with her hands on the toilet, and inserted his penis in her vagina. Once he removed his penis from R.G.'s vagina, she put her pants back on and returned to bed.

¶ 10    R.G. went to the bathroom a third time because she "was hurting." While she was sitting on the toilet, Mr. Perez walked in and bent over in front of her. She pushed him away. R.G.'s aunt approached the bathroom, and Mr. Perez quickly stepped out. Her aunt asked Mr. Perez, " 'What the f*** are you doing?' " He responded that R.G.'s stomach hurt, which R.G. testified was not true. R.G. went back to bed, "holding [her]self crying." Her mother woke up and asked what happened. R.G. only stated Mr. Perez's nickname " 'Pilo.' "

¶ 11     Beginning about two or three days later, Mr. Perez touched R.G. on five more occasions, each on different mornings. On the first three occasions, he woke her up with his hand on her buttocks over her clothes. On the final two occasions, he woke her up with his hand on her vagina over her clothes. In September 2018, R.G. told her mother about Mr. Perez's actions. Her mother arranged for her to speak with the police and someone from the Chicago Children's Advocacy Center.

¶ 12     On cross-examination, R.G. testified that when Mr. Perez handed her his phone while she was in bed, the phone's camera was activated, and she could see her legs on the screen. She was in the bathroom the first time for about three or four minutes. About five minutes later, after Mr. Perez had shown her his phone had no photos, she went to the bathroom the second time because she "had to use the bathroom."

¶ 13     On October 15, 2021, the jury found Mr. Perez guilty on all counts. On November 4, 2021, Mr. Perez filed a posttrial motion for new trial, and later an amended motion, alleging, in relevant part, that the State improperly elicited testimony from R.G. that he ordered her to undress and took photographs of her. He asserted the testimony improperly related to an unspecified uncharged crime. Following a hearing on Mr. Perez's motions, the trial court denied them.

¶ 14     On December 2, 2021, the court sentenced Mr. Perez to concurrent prison terms of 22 years for predatory criminal sexual assault of a child, 4 years for indecent solicitation of a child, and 3 years each for the two counts of aggravated criminal sexual abuse. On December 15, 2021, Mr. Perez filed his notice of appeal.

¶ 15                                    ANALYSIS

¶ 16     We note that we have jurisdiction to consider this matter, as Mr. Perez filed a timely notice

of appeal. See Ill. S. Ct. R. 606 (eff. July 1, 2017).

¶ 17     Mr. Perez argues the trial court erred in admitting R.G.'s testimony about him taking naked

photographs of her with his phone. He asserts the testimony constituted other crimes evidence of

uncharged sexual exploitation of a child (720 ILCS 5/11-9.1(a-5) (West 2016)), was not admitted

for a proper purpose, improperly showed a propensity to commit crimes, and was highly

prejudicial. He further argues that this error was not harmless because the State's witnesses lacked

credibility and the jury doubted the sufficiency of the evidence.

¶ 18     "All relevant evidence is admissible, except as otherwise provided by law." Ill. R. Evid.

402 (eff. Jan. 1, 2011). "Relevant evidence" is defined as "evidence having any tendency to make

the existence of any fact that is of consequence to the determination of the action more probable

or less probable than it would be without the evidence." Ill. R. Evid. 401 (eff. Jan. 1, 2011). Even

relevant evidence may be excluded "if its probative value is substantially outweighed by the danger

of unfair prejudice." Ill. R. Evid. 403 (eff. Jan. 1, 2011).

¶ 19     Evidence regarding other crimes is generally inadmissible to demonstrate propensity to

commit crimes, as such evidence has "too much" probative value. *People v. Donoho*, 204 Ill. 2d

159, 170 (2003). Evidence of another crime may be admitted if relevant for purposes other than

propensity, such as "proving *modus operandi*, intent, motive, or absence of mistake." *People v.

Adkins*, 239 Ill. 2d 1, 23 (2010). When evidence of other crimes is offered, the trial court must

weigh the evidence's probative value against its prejudicial effect and "may exclude the evidence

if its prejudicial effect substantially outweighs its probative value." *People v. Moss*, 205 Ill. 2d 139, 156 (2001).

¶ 20    Evidence of other crimes is also admissible under the "continuing narrative" exception, where it "is part of the continuing narrative of the event giving rise to the offense," "is intertwined with the event charged," or "explains an aspect of the crime charged that would otherwise be implausible." (Internal quotation marks omitted.) *People v. Hale*, 2012 IL App (1st) 103537, ¶ 14.

¶ 21    As our supreme court explained, under the continuing narrative exception, the evidence of the charged offense and of the other crimes is "all a part of the continuing narrative which concern the circumstances attending the entire transaction and they do not concern separate, distinct and disconnected crimes." (Internal quotation marks omitted.) *Adkins*, 239 Ill. 2d at 32. "Where such evidence is part of the course of conduct or a continuing narrative of the charged offense, ordinary principles of relevancy apply and the rules applicable to other-crimes evidence are not implicated." *People v. Saulsberry*, 2021 IL App (2d) 181027, ¶ 50; see also *People v. Morales*, 2012 IL App (1st) 101911, ¶ 24.

¶ 22    We review a trial court's ruling on the admissibility of evidence for an abuse of discretion. *People v. Cummings*, 2023 IL App (1st) 220520, ¶ 36. An abuse of discretion occurs when the trial court's decision can be characterized as "arbitrary, fanciful, or unreasonable to the degree that no reasonable person would agree with it." (Internal quotation marks omitted.) *People v. Smith*, 2022 IL 127946, ¶ 47.

¶ 23    Mr. Perez contends that the jury could have concluded he was guilty of sexual exploitation of a child or production of child pornography, for which he was not charged. A person commits sexual exploitation of a child if the person "knowingly entices, coerces, or persuades a child to

remove the child's clothing for the purpose of sexual arousal or gratification of the person or the child, or both." 720 ILCS 5/11-9.1(a-5) (West 2016). See 720 ILCS 5/11-20.1(a)(1) (West 2016). Though Mr. Perez was not charged with this offense, R.G.'s testimony was relevant as a continuing narrative of the events leading to Mr. Perez's subsequent charged predatory criminal sexual assault of R.G., when only a few minutes later he committed an act of sexual penetration, inserting his penis into R.G.'s vagina. See 720 ILCS 5/11-1.40(a)(1) (West 2016).

¶ 24    The evidence at trial showed that, early one morning, while then-10-year-old R.G. was in bed, Mr. Perez asked her to hold his phone, which had its camera activated. When R.G. went into the bathroom, he followed her. He told her "[E]verybody was going to do this," and directed her to remove her clothes, which she did. He then took out his phone and appeared to photograph her. Afterwards, R.G. dressed and went back to bed. Within five minutes, he showed her he had not taken any photographs and said she would have to " 'do it again.' " He again followed her into the bathroom and directed her to remove her clothes. Rather than photograph her, he positioned R.G. against the toilet and penetrated her vagina with his penis, committing the physical act underlying the charged predatory criminal sexual assault of a child offense.

¶ 25    R.G.'s challenged testimony provided the necessary context and explanation as to why she was undressed in the bathroom with Mr. Perez a second time on the same morning, which enabled him to sexually penetrate her. Her testimony provided a continuous narrative of Mr. Perez's intertwined acts that took place within the same time frame and place, illustrating via the sequence of events Mr. Perez's intention and the integral steps he took to sexually assault R.G. that morning.

¶ 26    Nonetheless, Mr. Perez also asserts that R.G.'s testimony constituted inadmissible propensity evidence, arguing that the continuing narrative exception does not apply because R.G.'s

testimony relating to him using his phone to photograph her naked was not necessary to explain the charged offense. We disagree. Without that testimony, R.G.'s account of the charged offense would have been disjointed. The jury would have lacked necessary context as to Mr. Perez's actions, as to how R.G. came to be undressed in the bathroom where defendant then sexually assaulted her. See *People v. Ware*, 2019 IL App (1st) 160989, ¶¶ 3, 41-42. The evidence of the uncharged crime was part of the course of conduct leading to the charge offense. The continuing narrative exception therefore applied, and R.G.'s contested testimony did not constitute impermissible propensity evidence of uncharged other crimes. See *People v. Pikes*, 2013 IL 115171, ¶ 20 (recognizing that uncharged crimes admitted as part of the "continuing narrative" of the charged crime "do not constitute separate, distinct, and disconnected crimes").

¶ 27 We, therefore, conclude the trial court did not abuse its discretion in admitting R.G.'s testimony regarding the uncharged other crime as part of a continuing narrative of Mr. Perez's course of conduct relating to the charged offense of predatory criminal sexual assault of a child. *Morales*, 2012 IL App (1st) 101911, ¶ 25 ("[I]f the prior crime is part of the 'course of conduct' leading up to the crime charged, then it constitutes intrinsic evidence of the charged offense and its admissibility is not analyzed as 'other crimes' evidence, requiring proof that the defendant committed or participated in the uncharged offense.").

¶ 28 Mr. Perez argues the probative value of R.G.'s testimony was substantially outweighed by its prejudicial effect. Evidence properly admitted as a continuing narrative does not implicate the rule regarding the admissibility of other crimes, and so the ordinary rules of relevancy applied here. *People v. Hensley*, 2014 IL App (1st) 120802, ¶ 51. Under Illinois Supreme Court Rule 403, the trial court may exclude relevant evidence if its "probative value is substantially outweighed by

the danger of unfair prejudice." Ill. S. Ct. R. 403 (eff. Jan. 1, 2011). However, "[a]ll evidence is prejudicial in the sense that it compels the factfinder in one direction or the other; the issue posed by Rule 403 is when it becomes 'unfair[ly]' so." *People v. Woodson*, 2023 IL App (1st) 191353, ¶ 101. "Evidence is unfairly prejudicial when it casts a negative light on a defendant for reasons that have little to do with the case on trial." *Id.*

¶ 29    We note that Mr. Perez did not argue to the trial court that the evidence was unfairly prejudicial, and therefore, the issue is forfeited. See *People v. Ramirez*, 2023 IL App (1st) 221227, ¶¶ 43-47 (Rule 403 objection to other-crimes evidence was forfeited where it was not raised in the trial court; "the phrase 'unfair prejudice' [under Rule 403] means something specific" and the objection must be made to the court).

¶ 30    Further, we do not find that the probative value of the challenged evidence is substantially outweighed by the danger of unfair prejudice. As explained, the testimony regarding Mr. Perez's persuading of R.G. to undress under the apparent pretext of taking her photograph was intrinsic to his course of conduct leading up to his charged predatory criminal sexual assault of R.G. Hearing probative evidence that Mr. Perez twice persuaded R.G. to undress before he sexually assaulted her is highly unlikely to cast him in any more of a negative light, let alone for reasons that have little to do with the case on trial. See *People v. Woodson*, 2023 IL App (1st) 191353, ¶ 101 ("Evidence is unfairly prejudicial when it casts a negative light on a defendant for reasons that have little to do with the case on trial."). His acts of persuading R.G. to undress to supposedly take her photograph are minor compared to the egregious charged act that immediately followed, his penetration of the child's vagina with his penis. Accordingly, as the probative value of this relevant

evidence was not substantially outweighed by the danger of unfair prejudice, the evidence was admissible under Rule 403.

¶ 31    Because we find no error, we need not address Mr. Perez's contention that the error was not harmless beyond a reasonable doubt. See *People v. Nash*, 2012 IL App (1st) 093233, ¶ 33.

¶ 32                                CONCLUSION

¶ 33    For the foregoing reasons, we affirm the judgment of the circuit court.

¶ 34    Affirmed.